IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAPHAEL PEÑA, # 14745-424,

    Petitioner,

vs.

GREENVILLE FEDERAL
CORRECTIONAL INSTITUTION,

    Respondent.               Case No. 13-cv-191-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner Raphael Peña, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

    Following a jury trial, petitioner was convicted of conspiracy to distribute cocaine and unlawful possession of a firearm. He was sentenced on February 10, 2004, to a life term on the conspiracy count, to be served concurrently with a 120-

month sentence on the gun count. *United States v. Peña*, Case No. 02-cr-719-4 (N.D. Ill., Doc. 412). These sentences were vacated on appeal. *United States v. Bustamante, Peña, et al.*, 493 F.3d 879, 889-90 (2007); (Doc. 1-1, p. 2). Petitioner was resentenced on March 13, 2008, to a total of 156 months (Doc. 635 in N.D. Ill. Case No. 02-cr-791-4).

His petition states that he has a projected release date of February 10, 2014 (Doc. 1-1, p. 2). He asserts that the prison has not properly considered his eligibility for up to 12 months' placement in a halfway house under 18 U.S.C. § 3621(b) and §3624(c) (Doc. 1, pp. 2, 6; Doc. 1-1, pp. 2-4). As relief, he seeks an order requiring respondent to immediately transfer him to a halfway house for the remaining term of his sentence, which is now somewhat less than 11 months.

According to petitioner's memorandum, he was never given consideration for a full 12 months of halfway house placement (Doc. 1-1, p. 1). He was informed by Case Manager Mathais on January 31, 2013, that he would be allowed six months in the halfway house, because he "had over $3,000 sent to [his] account over the last six months and [has] community ties." *Id.* Petitioner argues that a proper consideration of all five factors mandated by statute[1] would have led to a conclusion that he needed more time in a halfway house in order to successfully adjust to reentry into the community, particularly because he plans

---

[1] These factors are: the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b).

to relocate to a new state, and will not receive the same financial support after leaving prison (Doc. 1-1, pp. 2-3); 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(1). He further claims that Greenville officials are continuing to limit most prisoners to six months or less in a halfway house, despite the enactment of the Second Chance Act, which, since 2008, increased the available halfway house placement to a full year (Doc. 1-1, p. 4; Docs. 1-9, 1-10, 1-11); 18 U.S.C. § 3624(c)(1).

Petitioner requests the Court to excuse him from the requirement that he exhaust his administrative remedies prior to bringing a habeas action (Doc. 1, p. 2; Doc. 1-1, p. 1). *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("The Bureau [of Prisons] must be given a chance to clean up its act before the courts are asked to intervene."); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court). The halfway house decision was reached just 375 days before petitioner's official release date (Doc. 1-1, p. 1). Petitioner reasons that exhaustion would take at least seven months,[2] by which time his additional potential halfway house time would have passed (Doc. 1, p. 2). He argues that he would be irreparably harmed if he were required to complete

---

[2] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq.* An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, he must file a BP-9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP-11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

the administrative remedy process, citing *McCarthy v. Madigan*, 503 U.S. 140 (1992). He does not, however, include any information to indicate whether or when he has sought administrative review of the decision limiting his halfway house placement to six months, or if so, whether he received any response.

In addition, petitioner has not named the proper respondent in this habeas action. "Greenville Federal Correctional Institution" is not an entity that is subject to the Court's jurisdiction. In a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006). Therefore, the instant petition shall be dismissed, and petitioner must submit an amended petition which names the proper respondent if he wishes to proceed with this case.

Equally important, if the Court is to consider any waiver of the requirement to exhaust administrative remedies within the Bureau of Prisons ("BOP") before initiating a habeas action, the Court must be informed of what attempts petitioner has made to obtain relief through administrative action and appeals.

Accordingly, petitioner is **ORDERED** to submit an amended petition **on or before April 8, 2013**. The amended petition shall include complete and accurate information regarding the steps petitioner has taken to seek review of the halfway house placement decision within the BOP and the response, if any, he has received from prison officials. The amended document shall be designated "First

Amended Petition" and shall supersede and replace the original petition and attachments (Doc. 1, and Docs. 1-1 through 1-11).  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original petition.  Thus, the First Amended Petition must stand on its own, without reference to any other pleading.  In addition, petitioner must resubmit any exhibits and attachments that he wishes the Court to consider along with his amended petition.  Failure to file an amended petition shall result in the dismissal of this action without prejudice.

In order to assist petitioner in preparing his amended petition, the Clerk is **DIRECTED** to mail Plaintiff a blank form petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with instructions.

The instant petition (Doc. 1) is **DISMISSED.**

**IT IS SO ORDERED.**

Signed this 18th day of March, 2013.

Digitally signed by David R. Herndon
Date: 2013.03.18 16:59:09 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**