**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**RAPHAEL PEÑA, # 14745-424,**

**Petitioner,**

**vs.**

**WARDEN JAMES N. CROSS,**

**Respondent.** **Case No. 13-cv-191-DRH**

# MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Raphael Peña, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. He has filed his First Amended Petition (Doc. 4) in accordance with this Court's Order of March 18, 2013 (Doc. 3). The amended petition is now before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

Following a jury trial, petitioner was convicted of conspiracy to distribute cocaine and unlawful possession of a firearm. He was sentenced on February 10, 2004, to a life term on the conspiracy count, to be served concurrently with a 120-month sentence on the gun count. *United States v. Peña*, Case No. 02-cr-719-4 (N.D. Ill., Doc. 412). These sentences were vacated on appeal. *United States v. Bustamante, Peña, et al.*, 493 F.3d 879, 889-90 (7th Cir. 2007); (Doc. 4-1, p. 3).

Petitioner was resentenced on March 13, 2008, to a total of 156 months (Doc. 635 in N.D. Ill. Case No. 02-cr-791-4).

His petition states that he has a projected release date of February 10, 2014 (Doc. 4-1, p. 1). He asserts that respondent has not properly considered his eligibility for up to 12 months' placement in a halfway house under 18 U.S.C. § 3621(b) and §3624(c) (Doc. 4, pp. 2, 6; Doc. 4-1). As relief, he seeks an order requiring respondent to immediately transfer him to a halfway house for the remaining term of his sentence, which is now just over 10 months.

According to petitioner's memorandum, he was never given consideration for a full 12 months of halfway house placement (Doc. 4-1, p. 1). On January 31, 2013, just ten days before petitioner became eligible for transfer to a halfway house, he was called to meet with Case Manager Mathais. She informed him that he would be allowed six months in the halfway house, because he "had over $3,000 sent to [his] account over the last six months and [has] community ties." *Id.* Petitioner argues that a proper consideration of all five factors mandated by statute[1] would have led to a conclusion that he needed more time in a halfway house in order to successfully adjust to reentry into the community, particularly because he plans to relocate to a new state, and will not receive the same financial

[1] These factors are: the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b).

support after leaving prison (Doc. 4-1, pp. 2-4); 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(1). He further claims that respondent is continuing to limit most prisoners to six months or less in a halfway house, despite the enactment of the Second Chance Act, which, since 2008, increased the available halfway house placement to a full year (Doc. 4-1, p. 4; Docs. 4-9, 4-10, 4-11); 18 U.S.C. § 3624(c)(1).

Petitioner requests that the Court excuse him from the requirement that he exhaust his administrative remedies prior to bringing a habeas action (Doc. 4, p. 2; Doc. 4-1, p. 2). *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("The Bureau [of Prisons] must be given a chance to clean up its act before the courts are asked to intervene."); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court).

The halfway house decision was reached just 375 days before petitioner's official release date (Doc. 4-1, p. 1). Petitioner reasons that exhaustion would take at least seven months,[2] by which time his additional potential halfway house time would have passed (Doc. 4, p. 2). Indeed, nearly two months of that time

[2] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq.* An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, he must file a BP-9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP-11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

has elapsed already. He argues that he would be irreparably harmed if he were required to complete the administrative remedy process, citing *McCarthy v. Madigan*, 503 U.S. 140 (1992). Further, he asserts that an administrative appeal "would be futile because the decision is either biased or predetermined" (Doc. 4-1, p. 2). Petitioner did attempt to informally resolve his complaint, explaining that he first questioned Case Manager Mathais regarding her decision to grant him only six months. *Id.* He then attempted to resolve the matter with Unit Manager Robinson (Doc. 4-1, p. 2). As of the time he filed his amended petition, Unit Manager Robinson had not responded to petitioner's inquiries.

**Disposition**

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[3]

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead on or before **April 24, 2013**. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the respondent) informed of any change in his whereabouts during the pendency

[3] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 3rd day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.03 15:31:34 -05'00'

**Chief Judge**
**United States District Court**