IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAPHAEL PENA, #14745-424,

Petitioner,

    vs.

JAMES N. CROSS,

Respondent.                                Case No. 13-cv-191-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

### I.     Introduction and Background

Petitioner Raphael Pena, currently incarcerated at Greenville Federal Correctional Institution (Greenville FCI), brings this amended habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. 4). Pena alleges that the Warden refuses to assess properly his halfway house, or Residential Reentry Center (RRC), placement and is thus violating his constitutional right to due process. Respondent Cross opposes the petition (Doc. 9). Based on the following, the Court **DENIES** the petition and **DISMISSES** without prejudice this cause of action.

Pena, along with three other defendants, was convicted in the Northern District of Illinois for a number of crimes related to a drug conspiracy in Aurora, Illinois. All four defendants were charged with knowingly participating in a conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. Pena was also charged with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g). *See United States v.*

*Bustamante,* 493 F.3d 879, 881 (7th Cir. 2007). Ultimately, Pena was sentenced to a total term of 156 months' imprisonment. *See United States v. Pena,* 02-cr-719-4, Doc. 635, Amended Judgment (N.D. Ill. Mar. 25, 2008). Pena states his projected release date is February 10, 2014.

Pena's instant amended § 2241 petition was entered on March 27, 2013 (Doc. 4). Pena alleges the Warden refuses to give him a proper assessment for RRC placement. Pena's memorandum in support of his claim alleges that on January 31, 2013, Case Manager Mathais called petitioner into her office to sign RRC placement papers. Once Pena realized Mathais recommended 6 months of RRC placement, Pena alleges that he asked Mathais how she made this determination without speaking with him. Mathais allegedly responded, "Six months is appropriate because you had over $3,000 sent to your account over the last six months and have community ties" (Doc. 4-1, p. 1).

Pena alleges that upon researching the relevant law surrounding RRC placement, he again approached Mathais and asked how she made her determination if she did not individually assess the relevant factors in making her decision. Mathais allegedly responded that if Pena was not satisfied with the recommendation, he could exhaust his administrative remedies. Pena states that he then told Mathais that he did not have time to exhaust his administrative remedies (Doc. 4-1, p. 2).

Pena then approached the Unit Manager, "Mrs. Robinson." After discussing Pena's concerns with him, Robinson allegedly said that she would get back to him

once she spoke to Mathais. Pena states two week passed without a response from Robinson. Pena again approached Robinson concerning his RRC placement and she allegedly stated that she did not have time currently to look into the issue, but would do so when she had time (Doc. 4-1, p. 2). Pena then filed his § 2241 action on February 25, 2013 (Doc. 1) (dismissed without prejudice for failure to name correct respondent and detail steps taken to exhaust administrative remedies). Pena's instant amended petition states he, "felt that appealing through the administrative process would be futile because the decision is either biased or predetermined so [Pena] decided to file this [§] 2241 with the courts" (Doc. 4-1, p. 2). Pena requests that this Court immediately order the Warden to transfer Pena to a RRC (Doc. 4-1, p. 4).

## II. Legal Standard

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Under 18 U.S.C. § 3624(c) (the Second Chance Act,) the Bureau of Prisons (BOP) has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a

portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.*

The plain language of the Act establishes that inmates are not entitled to the full 12 months of placement in a RRC. § 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. *Id*. The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available.

In exercising this discretion, the BOP must make its decision on an individual basis, and in a manner consistent with 18 U.S.C. § 3621(b), in order to "provide the greatest likelihood of successful reintegration into the community" 28 C.F.R. § 570.22. 18 U.S.C. § 3621(b) lists the following factors to be considered in the BOP's evaluation:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). A court's review of the BOP's RRC placement decision is limited to an abuse of discretion. *See Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012).

However, before a court can conduct this limited review, it must address the issue of exhaustion. Concerning the requirement to exhaust administrative remedies in the § 2241 context, the Seventh Circuit notes that there is no statutory exhaustion requirement in § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-19 (7th Cir. 2004) (citing *James v. Walsh,* 308 F.3d 162, 167 (2d Cir. 2002)). "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992).[1] Exhaustion may be excused when: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir.2002) (internal quotations and citations omitted).

---

[1] As the Seventh Circuit notes in *Gonzalez*, *McCarthy* has been superseded by the PLRA to the extent it held that federal prisoners seeking monetary damages in a *Bivens* action are not required under 42 U.S.C. § 1997e to exhaust administrative remedies provided by the Bureau of Prisons. However, *McCarthy* 's principle that when exhaustion is not statutorily mandated, "sound judicial discretion governs," 503 U.S. at 144, remains good law, as does its further admonitions on how that discretion should be utilized. *See, e.g., Zephyr Aviation, L.L.C. v. Dailey,* 247 F.3d 565, 570-73 (5th Cir.2001). *Gonzalez*, 355 F.3d 1010, 1016 n. 5.

### III. <u>Application</u>

Pena requests that this Court order the Warden to immediately transfer Pena to a RRC. He has refused to initiate an administrative appeal of his RRC placement decision as he believes the administrative process would be futile because the decision is biased or has been predetermined.

First, the Court notes that it does not appear to have the authority to order immediate RRC placement. *See Michael v. Shartle,* 2010 WL 2817223, *3 (N.D. Ohio July 16, 2010) ("This Court does not have the authority to decide RRC placement, a decision that is discretionary. At best, the Court could order the BOP officials to consider Michael for placement."). Regardless, the Court shall not exercise its discretion to excuse exhaustion in Pena's case, as he admits that he has not attempted to pursue his administrative remedies beyond informal discussions with Mathais and Robinson.[2]

Pena's memorandum in support of his claim presents a passionate argument for additional RRC placement. Pena alleges he verbally sought reconsideration of his RRC placement decision. As Pena has only informally presented his complaint to Mathais and Robinson, the Court has no record of Pena's RRC placement decision, except for Pena's own self-serving allegations.

---

[2] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq.* An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, he must file a BP-9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP-11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001)

While Pena has presented documentation demonstrating Greenville FCI rarely assesses inmates for more than 6 months of RRC placement (Doc. 4-9), this documentation alone does not warrant a finding of futility or otherwise excuse Pena's failure to seek administrative relief.

Pena's projected release date is February 10, 2014. Pena allegedly received his RRC placement decision on January 31, 2013. Assuming Pena's allegations are true, he was admittedly given scant time to appeal this decision and seek up to 12 months RRC placement. However, Pena could have at least filed a BP-9 or sought an expedited administrative appeal. Without any attempt to initiate his administrative remedies beyond informal complaint, Pena has left this Court with nothing more than Pena's own allegations and speculation in support of his petition. Under these circumstances, the Court will not excuse Pena's failure to exhaust his administrative remedies. On this basis, the Court **DENIES** the petition and **DISMISSES** Pena's claims **without prejudice** for failure to exhaust (Doc. 4).[3]

**IT IS SO ORDERED.**

Signed this 25th day of April, 2013.

David R. Herndon
2013.04.25
13:23:54 -05'00'

**Chief District Judge**
**United States District Court**

---

[3] In light of the this district's local rule disfavoring reply briefs, see SDIL-LR 7.1(c)(2), and due to the time constraints surrounding Pena's requested relief, the Court notes that it renders its decision without a reply from Pena.